**IN RE: SORIN 3T HEATER–COOLER SYSTEM PRODUCTS LIABILITY LITIGATION**

**MDL No. 2772**

United States Judicial Panel on Multidistrict Litigation.

04/05/2017

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

**ORDER DENYING TRANSFER**

Sarah S. Vance, Chair

**Before the Panel:** Plaintiffs in the District of South Carolina *West* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of South Carolina. All responding parties oppose centralization, including plaintiffs in all actions on the motion pending outside the District of South Carolina and defendants Sorin Group Deutschland GmbH, Sorin Group USA, Inc., and LivaNova PLC. This litigation consists of fifteen actions pending in five districts, as listed on Schedule A.[1]

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to

---

1. The Panel also has been notified of an additional action pending in the Western District of Texas.

**1358**

further the just and efficient conduct of the litigation. Movants contend that these actions share allegations that the Sorin 3T Heater–Cooler System contains design and/or manufacturing defects that leave the device susceptible to bacterial colonization called nontuberculous mycobacterium (NTM) to which patients are exposed during surgery, posing a risk of injury.

Opponents of centralization argue that unique factual and legal issues will predominate in this litigation, and that informal coordination is sufficient to minimize any overlap in pretrial proceedings. We are persuaded that any overlapping pretrial proceedings have been and can continue to be handled through informal coordination. While there are sixteen actions and potential tag-along actions pending in six districts, ten of these actions already are pending before a single judge in the District of South Carolina and are proceeding in a coordinated fashion. Moreover, those ten actions were brought by just two groups of plaintiffs' counsel. Of the remaining six actions, four were brought by the same plaintiffs' counsel, and the parties to those actions already are working successfully to minimize overlapping pretrial proceedings by, for example, sharing discovery produced in multiple actions. In these circumstances, we are not convinced that Section 1407 centralization is necessary for the just and efficient conduct of this litigation. Critically, not a single party to any of the six actions pending outside the District of South Carolina supports centralization. *See In re: Student–Athlete Name & Likeness Litig.*, 763 F.Supp.2d 1379 (J.P.M.L. 2011) ("We find most persuasive that, of all responding parties, those who would be most affected by centralization—the District of New Jersey and Eastern District of Tennessee plaintiffs and defendant Electronic Arts—do not believe that centralization would be beneficial."). In fact, movants stand alone as the proponents of centralization. We see

no reason to disrupt the parties' successful efforts at informal coordination when almost all parties agree that Section 1407 centralization would provide little or no benefit.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

**MDL No. 2772 — IN RE: SORIN 3T HEATER–COOLER SYSTEM PRODUCTS LIABILITY LITIGATION**

Southern District of Iowa

CRAWFORD, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 3:16–00103

PRESCOTT v. LIVANOVA PLC, ET AL., C.A. No. 4:16–00472

Western District of North Carolina

BLEVINS v. LIVANOVA PLC, ET AL., C.A. No. 3:16–00785

Middle District of Pennsylvania

BAKER, ET AL. v. LIVANOVA PLC, C.A. No. 1:16–00260

District of South Carolina

FOSTER v. LIVANOVA PLC, ET AL., C.A. No. 3:17–00218

WEINACKER v. LIVANOVA PLC, ET AL., C.A. No. 6:16–02286

FOWLER, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 6:16–02307

BAGWELL, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 6:16–02308

MATTISON v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16–03128

THOMASON, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16–03129

JOHNSON v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16–03130
SMITH v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16–03131
GILSTRAP, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 6:16–03132
WEST, ET AL. v. LIVANOVA PLC, ET AL., C.A. No. 8:16–02688

District of South Dakota
EISENBERG, ET AL. v. SORIN GROUP DEUTSCHLAND GMBH, ET AL., C.A. No. 4:16–04175